**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| TOBACCO TECHNOLOGY, INC. | : | |
| v. | : | Civil No. CCB-06-563 |
| TAIGA INTERNATIONAL N.V. *et al.* | : | |

**MEMORANDUM**

Plaintiff Tobacco Technology, Inc. ("TTI") alleges various contract and tort claims against defendants Taiga International N.V. ("Taiga"); a former board member of TTI and Taiga, Thomas Massetti; and the Managing Director of Taiga, Marie-Paul Voûte. Now pending before the court is plaintiff's motion to seal the Complaint and all exhibits thereto.[1] Massetti has filed an opposition to plaintiff's motion, with Taiga and Voûte concurring. The parties have fully briefed the motion and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, plaintiff's motion to seal will be denied.

**BACKGROUND FACTS**

TTI, a Maryland corporation, is a manufacturer of tobacco flavors and products. Taiga, a Belgium corporation, agreed to serve as the exclusive European agent for TTI's tobacco flavors. (Compl. ¶ 5.) Ronald Whitehead, TTI's former president, sat on the board of directors for both Taiga and TTI. In its Complaint, TTI alleges Taiga committed numerous breaches of contract and agent's duty. TTI further asserts Whitehead had knowledge of these breaches and aided

---

[1]     Also pending are the defendants' motions to dismiss. Oral argument is scheduled for January 26, 2007 at 11:00am on these motions.

1

Taiga in their concealment, thereby acting as Taiga's agent and in breach of his duty of loyalty owed to TTI. (Compl. ¶ 9.)

The basis for plaintiff's motion to seal is a post-employment agreement between TTI and Whitehead, which states in relevant part: "Neither of the parties shall publish or make any comments about the other that are disparaging." (Pl.'s Mot. to Seal ¶ 4.) Without admitting that its allegations in the Complaint violate this agreement, TTI has moved to seal the record in order to protect itself from the possibility of contract liability.

## ANALYSIS

The common law presumes a general right to inspect and copy all judicial records and documents, *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), although this can be rebutted if "countervailing interests heavily outweigh the public interests in access."[2] *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 588, 597 (1978). Under this common law balancing analysis, the Fourth Circuit has found sealing appropriate "only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). TTI bears the burden of showing that its fear of contract liability outweighs the strong presumption of public access. *See Rushford*, 846 F.2d at 253.

---

[2] There also exists an independent First Amendment right of access, which will attach if: (1) "the place and process have historically been open to the press and general public," and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989). TTI does not assert, however, that it meets this more exacting First Amendment standard, whereby it would have to show that sealing is narrowly tailored to a compelling government interest. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). It is not necessary to decide whether the First Amendment is implicated because TTI does not satisfy even the less demanding common law standard.

In support of its motion to seal, TTI argues that the public right of access is not implicated in the present case because defendants will have access to the same information regardless of whether the litigation remains under seal.  Previous access to information, however, is only one factor to weigh in the common law balancing analysis.  *See Nixon*, 435 U.S. at 599 n.11 (rejecting petitioner's argument that because the public already had substantial access to taped conversations played in the courtroom, the right of access was not implicated); *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *cf. Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004); *Virginia Dept. of State Police*, 386 F.3d at 577, n.6.  Case law makes clear that courts have a duty to protect the public interest even in private civil cases.  *See In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).  Moreover, the already strong presumption of access is further strengthened when a document directly affects an adjudication, such as a complaint in a motion to dismiss proceeding, as is the case here.  *See Rushford*, 846 F.2d at 252; *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999) (reasoning that the adjudication of a party's substantive rights should be an important factor to consider in the common law balancing test).

TTI has presented no compelling reason or unusual circumstance justifying its motion to seal.  Instead, TTI seeks protection from the *possibility* that any disparaging statements concerning its former president contained in the Complaint *might* constitute a breach of contract.  This is not sufficient to outweigh the common law's strong presumption in favor of open access.  Consequently, the plaintiff's motion to seal will be denied.

A separate order follows.

  January 17, 2007                                    /s/
Date                                     Catherine C. Blake
                                          United States District Judge